■ In the Matter of ALBERT TAGLIAFERRI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 16, 1973, which affirmed a referee's decision disqualifying claimant from receiving benefits on the ground of voluntary leaving of employment without good cause. The issues considered are factual and there is substantial evidence to sustain the board's findings. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr. and Greenblott, JJ., concur; Cooke and Kane, JJ., dissent and vote to reverse in a memorandum by Cooke, J. Cooke, J. (dissenting). We dissent, on the law, and vote to reverse and remit the matter to the Unemployment Insurance Appeal Board for further proceedings. As a matter of law, there was not substantial evidence in support of the board's decision disqualifying claimant on the ground of leaving of employment without good cause. Claimant and his wife were sole stockholders in a corporation which operated a retail stationery store for over five years until its sale in May, 1973. The sale of the store terminated claimant's employment. The board has found that claimant did not have a compelling reason to sell the business and therefore he voluntarily left his employment without good cause. Claimant purchased the store for $40,000 and operated it with the

assistance of two employees. The corporate tax returns in the record indicate that the taxable income for the years 1968, 1969, 1970 and 1971, after deductions for business expenses including salaries, was $2,777.59, $1,925.31, $1,682.38 and $534.39 respectively. In 1972, the business operated at a loss. Although claimant's salary increased from $7,850 in 1971 to $10,539 in 1972, there is no showing or justifiable inference that the latter was excessive in view of the seven-day work week, the employment responsibilities, the locale of the business and the well-known increase in the cost of living. Claimant sold the business for $38,000 of which $12,000 was held in escrow for outstanding liabilities and for payment of bills which had gone unpaid as a result of the losing operation. A letter from an accountant opines that the corporation would have been forced to file for bankruptcy had the business not been sold. Under these circumstances, claimant had a compelling reason for selling the business and his resulting loss of employment was not without good cause. The cases relied upon by the respondent (Matter of Dunn [Catherwood], 33 A D 2d 585; Matter of Berry [Catherwood], 32 A D 2d 594; Matter of Gaudio [Catherwood], 28 A D 2d 1038; Matter of Parnes [Catherwood], 27 A D 2d 630) are all distinguishable since none of them involved the sale of an unprofitable business at a substantial loss. Indeed, in Matter of Hornstein (Catherwood) (35 A D 2d 872), where claimant sold his business because he would have suffered a loss had he continued, we reversed a board finding of voluntary leaving of employment without good cause and held that there was a compelling necessity for the sale. In the instant case, where the loss had already been sustained and the prognosis was as bleak as in Hornstein, the necessity for the sale was equally, if not more, compelling.